McCARRICK v. LENOX MINING CO.

No. 2948.   Decided March 23, 1917.   (164 Pac. 478.)

1.  CORPORATIONS—OFFICERS—AUTHORITY TO ISSUE PROMISSORY NOTE.  Ordinarily, the secretary of a corporation has no right to execute and deliver its promissory note without authority being conferred upon him by its board of directors.[1]  (Page 357.)

2.  CORPORATIONS—OFFICERS—ISSUANCE OF PROMISSORY NOTE.  Where the secretary of a corporation issued its promissory note in accordance with his custom which had the sanction of the board of directors, the corporation was bound, since, where an agent of a corporation has been permitted to transact its business, his authority to bind it will ordinarily be implied from the apparent power conferred upon him.  (Page 357.)

3.  APPEAL AND ERROR—REVIEW—CONFLICTING EVIDENCE.  Where there is a conflict in the testimony with substantial evidence in the record to support the findings of the trial court, the judgment will be affirmed.  (Page 358.)

Appeal from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by E. McCarrick against the Lenox Mining Company.

Judgment for plaintiff.

Defendant appeals.

AFFIRMED.

[1]*Lochwitz* v. *Pine Tree M. & M. Co.,* 37 Utah 349, 108 Pac. 1128.

*J. H. Hurd* and *W. C. Jennings* for appellant.

*W. H. Folland* and *Thos. L. Mitchell* for respondent.

### APPELLANT'S POINTS.

It is a well settled principle of law that a secretary of a corporation has no authority as such to issue notes for the corporation, and this court has announced the same doctrine in principle in the case of *Lochwitz* v. *Pine Tree Mining and Milling Company,* 37 Utah 349.

In the above case this court has stated the rule as follows, as applied to corporations organized under the laws of this State:

"In this State, by virtue of section 324, Compiled Laws, 1907, the corporation powers of a corporation shall be ·exercised by the board of directors." * * * "Under our statute, therefore, the president as such of a corporation has ordinarily only the powers of a director, or such as may be directly conferred upon him by the board of directors."

Upon the same principle it must follow that the secretary of the company would have only such authority as is conferred upon him by the board of directors. This, we submit, is the general rule announced by the great weight of authority. (3 Clark & Marshall on Corporations, Sec. 2151; 4 Thomp. on Corporations, Sec. 5746.)

### RESPONDENT'S POINTS.

An outlawed debt is sufficient consideration for a new note or a new promise. (25 Cyc. p. 1329, and notes; *Ireland* v. *McIntosh,* 22 Utah 296.) It is confessed that any kind of written authority from principal to agent is construed with a view of conferring upon the agent no more authority than the principal meant to confer. But, on the other hand, courts are loathe to strip the agent of ·any authority that the writing, taken in connection with surrounding facts and circumstances, indicates an intention to confer, (*Utah Banking Co.* v. *Newman,* 44 Utah 194, 138 Pac. 1146.) It is plain in this case that the Secretary was authorized to make *a note*—a new note —to McCarrick. It is plain that he was authorized to "em-

body" in it (the renewed note) the amount "outside" of the note (*i. e.*, the old note) upon surrender of the old note and to make the interest twelve per cent per annum.

This interpretation of the resolution is further confirmed by the proceeding taken and agreements made at the meeting. The directors in meeting orally agreed to the identical proposition embodied in the note. (Abst., 7; Trans., 38.) These oral agreements are not only valid in themselves, but they throw light upon the intent of the resolution. (*Eureka Iron Works* v. *Bresnahen*, 27 N. W. 524; *Boggs* v. *Lakeport Ass'n.*, 111 Calif. 354; *Hubbard* v. *Bank*, 125 Calif. 684, 58 Pac. 297.) The fact that the corporation seal is on the notes in question, in this case, shows that the corporation signed it. (10 Cyc. 1017-1018.) It is our contention that authority given to execute a note means and intends a note containing all terms and conditions that the statute permits a note to contain. (*Richmond* v. *Voorhees*, 38 Pac. 1014; *Vincent* v. *Mill Co.*, 35 Pac. 396; *Trust Co.* v. *Water Co.*, 78 Fed. 881.) However, the provision concerning attorney's fees is clearly separable from the rest of the note, being an independent stipulation, and the court below struck it out. If it was unauthorized it was mere surplusage and had no effect upon the rest of the note.

CORFMAN, J.

This was an action brought by the plaintiff against the defendant corporation, as maker of a promissory note. A trial was had to the court, without a jury, resulting in a judgment for the plaintiff. Defendant appeals.

The complaint, after alleging the corporate existence of the defendant and the issuance and delivery of the note by defendant to plaintiff, sets out the note *haec verba* bearing date January 8, 1909, providing for the payment on demand of the sum of $436.52 with interest at the rate of twelve per cent. per annum from date, before and after judgment, and for $100 attorney's fees, if collected by an attorney. The complaint further states that no part of the principal sum or interest has been paid, and that plaintiff is the owner and holder of

the note. Judgment is prayed for in the said principal sum, interest, and attorney's fees.

The defendant's answer admits the corporate existence of the defendant, denies the issuance or delivery of the note, and alleges that if it ever was issued or delivered it was without any legal authority therefor on the part of the person assuming to issue and deliver it, and for a special defense affirmatively alleges that the board of directors of the defendant corporation did not, by resolution or otherwise, authorize or empower the note in question, or any note, to be executed or delivered in the form set forth in the complaint, or to contract for the payment by defendant of any attorney's fee.

It is contended by defendant, and this seems to be the only question this court is called upon to determine, that the note here in question was unauthorized; that the secretary of defendant corporation had no authority conferred upon him to execute and deliver a note, and particularly the one for the sum of $436.52, in behalf of the defendant to the plaintiff.

It appears from the testimony that the defendant had not been very active or successful in the carrying on of its business and mining operations, and that certain members of its board of directors, in order to meet the company's financial obligations, had, as individuals, contributed of their personal means to the amount of $188 each, and that the defendant had executed and delivered to the contributing directors, including the plaintiff, promissory notes therefor; that in January, 1908, when these notes remained unpaid and had become barred by the statute of limitations, a meeting of the board of directors of the company was held and the minutes of this meeting among other things discloses the following record thereof:

"A motion was made that the amount due E. McCarrick, outside of the note, amounting to $2.50, $16.92, $50, be embodied in a new note after the surrender of the old note of $188, with interest added at 12 per cent. This motion was made by C. J. McNitt and seconded by Mr. Davis and that the note bear interest at 12 per cent. per annum. Carried. Voted to adjourn. A. H. Page, Secretary."

The foregoing record, it will be seen, is very indefinite and

uncertain as to its meaning when unaided by oral testimony. However, the trial court, and we think rightfully, permitted oral testimony to be introduced as to what was contemplated at the time by the board of directors, and the plaintiff, as to this, testified:

"It was a board meeting, and I only just simply can outline about what occurred there at that time. And the matter of paying these obligations which were past due came up, and Mr. Davis and Mr. Page, whom the company owed $188, the same as they owed to me, was given the privilege to pay these obligations, and they failed to take advantage of that. Then I suggested I would pay them, provided that my note of $188 was embodied in a new note with these items and 12 per cent. per annum from the time in 1901, January 30, 1901, to that present time, that $188, and they agreed to it, the board did."

The testimony in behalf of the plaintiff further discloses that the principal sum, $436.52, of the note in question, was made up of several items of past indebtedness, $2.50, $16.92, $50, paid for the defendant by the plaintiff, including the principal sum and interest owing on the $188 note to plaintiff.

Counsel for defendant contended in the trial court, and now contends before this court, that the secretary of the defendant had no inherent power as such officer to make and deliver to the plaintiff the note in question, or any other **1, 2** note, in behalf of the defendant; that the act of the secretary in doing so was wholly unauthorized by the board of directors; and, further, that it was never intended by the defendant at all that plaintiff should have a new note of the defendant for any greater sum than $69.42, the sum total of the advances made by plaintiff exclusive of the $188 note, and interest thereon, held by him. We agree with counsel in his contention that ordinarily the secretary of a corporation, as such officer, would have no right to execute and deliver its promissory note without authority being conferred upon him by its board of directors, and so find the law to be as cited by counsel in his brief. *Lochwitz* v. *Pine Tree M. & M. Co.*, 37 Utah 349, 108 Pac. 1128; 3 Clark & Mar. Corp., section 2151; 4 Thompson Corp., section 5746. In this

case then, it became a question of fact to be determined by the court, a jury being waived, whether or not the defendant's directors authorized its secretary to make and deliver for it the note in question. It is apparent from the minute record, hereinbefore referred to, that defendant's board of directors considered and intended that a new note of some denomination should be made to plaintiff. As to what officer, or officers, should execute and deliver the note in behalf of the defendant, the minutes of the directors' meeting are silent. However, there is testimony in the record to show that it had been the custom of the secretary to execute and deliver in behalf of the defendant other promissory notes and instruments in writing. It appears that the several old notes held for advancements made by the directors, including the plaintiff's, had been made by the secretary; that it was quite the custom for the secretary to exercise these powers; and that it was generally left for him so to do without the express direction on the part of the board of directors. The power of an agent or officer of a corporation to bind his principal, necessarily, is governed by the law of agency, and it seems to be the well-established rule that, where an agent of a corporation has been permitted to transact its business, his authority to bind it will ordinarily be implied from the apparent power thus conferred upon him. *First Nat. Bank* v. *Colonial Hotel Co.*, 226 Pa. 292, 75 Atl. 412; *Lytle & Co.* v. *Bank of Dothan*, 121 Ala. 215, 26 South. 6; *Moore* v. *H. Gaus & Sons Mfg. Co.*, 113 Mo. 98, 20 S. W. 975; *Foster* v. *Ohio Colorado Red. & M. Co.*, (C. C.) 17 Fed. 130; 3 Cook Corp. (7th Ed.), section 713.

The testimony bearing on the issues in this case is conflicting in many ways, yet there is substantial evidence to support the findings of the trial judge. Therefore, in keeping with the repeated rulings of this court, where there is a conflict in the testimony, but where there is substantial evidence in the record in support of the findings of the trial court, the judgment must be affirmed, with costs.

It is so ordered.

FRICK, C. J., and McCARTY, J., concur.