HOGGAN v. PRICE RIVER IRR. CO. et al.

No. 3917.   Decided June 1, 1923.   (216 Pac. 237.)

1. APPEAL AND ERROR—TRIAL JUDGE'S FINDINGS OF FACT STAND UNLESS CLEARLY WRONG. Where it does not appear by a clear preponderance of the evidence that the trial judge was wrong in his findings of fact, they must stand.[1]

[1] *Olivero* v. *Eleganti,* 61 Utah 475, 214 Pac. 313; *Singleton* v. *Kelly,* 61 Utah, 277, 212 Pac. 66; *Jones* v. *Moore,* 61 Utah, 383, 213 Pac. 191.

2.  CORPORATIONS—CREDITOR OF INSOLVENT COMPANY WRONGFULLY
    PREFERRING DIRECTORS HELD ENTITLED TO RECOVER SUCH PROPOR-
    TION OF HIS CLAIM TO ASSETS FROM EACH DIRECTOR AS LATTER'S
    STOCK BORE TO ALL STOCK ISSUED TO THEM. One of four credi-
    tors of an insolvent irrigation company, which issued water
    stock to the other three who were directors, in payment of their
    claims, when they had no right to a preference, *held* entitled to
    recover such a proportion of his claim to a pro rata share in the
    assets from each director as the latter's shares of stock issued
    to him bears to the whole number issued to all three.

Appeal from District Court, Third District, Salt Lake
County; *Ephraim Hanson,* Judge.

Action by James W. Hoggan against the Price River Ir-
rigation Company, Thomas Austin, and others. From judg-
ments against defendant Austin and others, they appeal.

MODIFIED AND AFFIRMED.

*Soule & Spalding,* of Salt Lake City, for appellants.

*Dey, Hoppaugh & Mark, Willard Hanson,* and *Shirley P.
Jones,* all of Salt Lake City, for respondent.

WEBER, C. J.

A former appeal in this case was decided in October, 1919.
55 Utah, 170, 184 Pac. 536. The first trial resulted in a
judgment of $18,812.80 against Irrigated Lands Company,
Price River Irrigation Company, and George A. Smith,
Thomas Austin, John Y. Smith, and Albert Smith. On ap-
peal this court dismissed the cause as to the defendant George
A. Smith, affirmed the judgment as to the two corporations
that were defendants, and remanded the case with this
direction:

"The district court is therefore ordered to permit plaintiff, if he
so desires, to amend his supplemental complaint, and permit the
parties to offer further testimony on the issue of insolvency of the
Irrigated Lands Company in 1908 and 1909, and if the corporation

is found to have been insolvent or in imminent danger of insolvency in 1909 the court is further directed to find that the following directors took water shares or stock belonging to the Irrigated Lands Company for money due them at a time when they had no right to be preferred creditors, to wit, John Y. Smith, 600 shares; Thomas Austin, 600 shares; and Albert Smith, 1,800 shares."

Pursuant to that direction the complaint was amended, raising the issue of insolvency of the Irrigated Lands Company at the time when Thomas Austin, John Y. Smith, and Albert Smith took their stock. Issue being joined, a trial was had before the court. The court found that when the three directors above mentioned took their stock the Irrigated Lands Company was insolvent. Judgment was entered as follows: Against Thomas Austin and John Y. Smith $4,081.55 each, and against Albert Smith $12,244.65. The three named defendants appeal.

The first question presented for determination is, Was the Irrigated Lands Company insolvent or in imminent danger of insolvency when appellants obtained their stock?

It is argued by counsel for appellants that the presumption usually given to the findings of the trial court on conflicting evidence does not obtain in the instant case, for the reason that the judge who presided at the second trial did not sit in the first trial, that a greater part of the testimony now before this court was taken at the first trial, and that the evidence in the second trial consists principally of the statements of the contents of the books of the Irrigated Lands Company and the opinions of witnesses on the questions of valuation and insolvency. On the questions of insolvency, the only issue at the second trial, the evidence was largely oral, and it was upon that issue that the conflict exists.

Counsel for appellants seek to demonstrate, in their brief, that the Irrigated Lands Company was not only solvent at the time the stock was issued to appellants, but claim the net assets of the corporation were nearly $300,000; while counsel for respondents argue that, by the overwhelming weight of the testimony, the Irrigated Lands Company was shown to be hopelessly insolvent at that time.

We have examined the record with care, and cannot avoid

the conclusion that the trial court committed no error in its finding of insolvency. Were the evidence nearly conflicting, we would still feel constrained by the decisions of this court to uphold the conclusion of the trial court as to the facts found. It would be profitless to review the testimony. It is sufficient to say that it does not appear by a clear preponderance of the evidence that the trial judge was wrong in his findings, and, unless we are convinced that the trial judge was clearly wrong in his findings, they must stand. *Olivero* v. *Eleganti,* 61 Utah, 475, 214 Pac. 313; *Singleton* v. *Kelly,* 61 Utah, 277, 212 Pac. 66; *Jones* v. *Moore,* 61 Utah, 383, 213 Pac. 191.

The other question relates to the amounts awarded plaintiff against the several appellants.

Respondent's claim as of September 1, 1909, amounted to $12,583.90, to secure which he held certain collateral. On November 30, 1914, under an execution the collateral was sold for $2,749.44. The then present value of this $2,749.44, i. e. the amount it would have been worth to respondent as of September 1, 1909, with interest at the legal rate, was $1,936.22. Therefore respondent's actual claim against Irrigated Lands Company as of September 1, 1909, after deducting the then value of the collateral, was $10,647.68. By adding to this sum the amount of appellants' claims against the company, $50,000, we ascertain the total indebtedness of Irrigated Lands Company at the date of the preference, to wit, $60,647.68. As both appellants and respondent were entitled to share pro rata in the distribution of the assets of the company, which at that time amounted to $50,000 (exclusive of respondent's collateral, which had been applied to reduce his claim as stated above) each was entitled to receive approximately 82½ per cent. of his claim—the exact percentage being .82443. On this basis respondent was, on September 1, 1909, entitled to .82443 of $10,647.68 or $8,778.27. This amount with interest at the legal rate from September 1, 1909, to the date of the decree, July 22, 1922, which interest is $9,041.65, amounts to $17,819.95, and represents the correct judgment which should be entered.

Judgment will therefore be entered against John Y. Smith for the sum of $3,563.99, with interest from the date of the decree until paid; against Thomas Austin for the sum of $3,563.99, with interest from date of decree until paid; and against Albert Smith for the sum of $10,691.97, with interest from the date of decree until paid. Each party to pay his own costs on appeal.

. GIDEON, THURMAN, FRICK, and CHERRY, JJ., concur.