## MOLLERUP v. DAYNES-BEEBE MUSIC CO.

No. 5223.  Decided August 3, 1933.  (24 P. [2d] 306.)

*Stewart, Alexander & Budge,* of Salt Lake City, for appellant.

*Thomas F. Ashworth,* of Salt Lake City, for respondent.

MOFFAT, Justice.

The plaintiff brought this action for breach of a contract. Prior to the 5th of February, 1929, Mr. Mollerup, the plaintiff and respondent, who was engaged in the drayage business, had done considerable work for the Daynes-Beebe Music Company, the defendant and appellant. On the 5th day of February, 1929, the company owed Mollerup $584.25, due for services. Mollerup desired to secure a greater volume of business, and made a suggestion to that effect to the company's business manager. The negotiations resulted in a contract. The contract was written, and consists of a bill of sale, chattel mortgage, promissory note, and a letter addressed to Mr. Mollerup and signed by the president of the company. The contract was made in triplicate on printed forms used by the company. Certain blanks were filled in; others were not. The crux of this controversy arises out of certain blanks and what was written into some of the blank spaces. The contract called for payment to the company of the sum of $4,250. Receipt of the sum of $400

is acknowledged, and the balance was payable at the rate of $40 per week until paid in full. Interest at 8 per cent per annum until maturity and 12 per cent thereafter was provided for, also attorney's fees.

The following is quoted from the contract, and is the part around which the whole controversy revolves. The italicized portion was written into the blanks, and the indicated blanks were not filled in when the contract was signed and delivered:

"This note is given to the Daynes-Beebe Music Company for the purchase of the following merchandise: *1 Kimball style 36 Welte, 1 Bench, 15 rolls, $2750. 1 Reo Truck $1,500.00,* Style No. ——————, Number No. ————."

At the same time there was a letter written by the company to Mollerup as follows:

"February 5, 1929.

"J. A. Mollerup, City.

"Dear Sir: In keeping with our understanding of this date, we agree to give you all of our trucking work outside of what we do with our small radio truck, and the amount that we have coming from the Hadley Transfer Company in the amount of $250.00. This arrangement for our drayage work to continue at least until the amount to be paid us by you for the grand piano and truck, as agreed upon today, is paid; the rates to be charged for drayage work as per your existing schedule today.

"We, also, agree that when the contract for the purchase of piano and truck is paid that we shall be only too pleased to discuss at that time with you, first, further arrangements for trucking.

"Cordially,

"[Signed] Joseph J. Daynes,

"President."

The chattel mortgage and note were prepared by Donald Daynes, the credit manager of the company; the letter was dictated by Joseph J. Daynes, the president of the company. All documents were delivered at the same time.

The company claims that the credit manager was not familiar with the styles of pianos, but in writing the contract he had observed from a catalogue of Kimball pianos a picture of what he took to be the piano which he demon-

strated to Mr. Mollerup. (Mr. Mollerup admits seeing the catalogue, but denies seeing the piano or that there was a demonstration. The credit manager maintains that he thought the piano shown in the picture and the one he claims he exhibited to Mr. Mollerup was a style 36. So in writing up the contract it was specified as *one Kimball Welte, style 36*. The credit manager claims this was an error, and that it should have been a style 32. The credit manager further maintains that about two days after the contract was signed and had been delivered he was on an upper floor where the piano was located and obtained the number of the piano which he did not have at the time the contract was signed, and on the company's original of the contract he wrote in the number, which does not appear in Mollerup's copy.

The Reo truck was delivered at the time the contract was entered into. It was agreed that the piano was to be delieverd to Mollerup on demand and kept or stored until called for. Mollerup demanded delivery of the piano January, 1931. The demand to deliver a style 36 was refused, and a style 32 used piano was offered. On February 14, 1931, Mollerup brought action alleging the execution of the chattel mortgage, note, and letter; alleging the aggregate amount paid by his drayage work, plus the $400, or a total of $3,623.25; and alleging that $1,500 of the total credit had been paid in full for the truck, and that $2,123.25 was applicable to the payment of the piano; that he had fully performed his part of the contract. He further alleged that, because of the refusal of the company to deliver to him a style 36 Kimball piano, demand for which had been made in January, 1931, that the company had breached its contract, and he therefore prayed for judgment for $2,123.25, the amount he claims was paid on the piano, with interest.

The company denied that payment in full has been made for the truck, and denied that the company had breached its contract. The company also filed a cross-complaint and prayed for reformation of the contract, and for recovery of a balance of $898.38, claimed to be due and owing on the

contract, with attorney's fees, and asked for foreclosure of the chattel mortgage.

Mollerup answered and replied to the company's cross-complaint and answer, controverting both the legal and equitable issues raised thereby. Upon the issues thus formed the parties went to trial before a jury. At the conclusion of plaintiff's case, the defendant moved for a nonsuit and dismissal, which motion was by the court denied. The court denied the motion for dismissal, and held there were equity propositions which properly could not be submitted to a jury, dismissed the jury, and proceeded with the trial of the cause as an equity case.

The appellant assigns thirty-seven errors. In argument, the alleged and assigned errors are grouped into five classes: (1) The appellant argues the complaint does not state facts sufficient to constitute a cause of action. We are of the opinion there is no merit in this assignment. (2) The court erred in overruling defendant's motion for a nonsuit. We find no error in this ruling of the trial court. These two assignments, as well as assignment No. 4, will later be examined together in discussing the respective theories of the case. (3) The findings are not supported by the evidence. (4) Errors of law occurring at the trial. (5) The court erred in denying defendant the relief prayed for in its cross-complaint.

Appellant devotes the major portion of its brief to the discussion of a straw man set up on the assumption that plaintiff's cause of action is one for the rescission of the contract. In the beginning of the argument for the company, counsel urges that the action is based upon rescission of the contract by Mollerup. Counsel then says:

"It is important that the nature of this action be clearly understood. Plaintiff does not sue for damages, or upon any other theory, whatsoever, except for a return of purchase money, and, of course, when he seeks the return of what he has paid under the contract the theory of his action can be none other than a rescission and termination of the contract."

We find no allegations in the complaint which justify the conclusion that plaintiff was seeking a rescission of the contract. Plaintiff in substance alleges the making of the contract; the delivery of the Reo truck; the agreement to deliver the piano upon demand; the performance of all the terms of the contract by plaintiff; the demand for delivery of the piano; defendant's refusal and consequent breach; the value agreed upon for each of the articles; the amount paid; and a prayer for the amount paid upon the piano, which is the total amount paid less the agreed price of the Reo truck.

We are of the opinion appellant is in error in its theory of the case. We find nothing to support the position that the case is one for rescission of the contract. The trial court found that the contract calling for payment of the truck and piano was one intended by the parties to be paid for in hauling to be done by Mr. Mollerup. We think that is the correct construction of the contract, both from its terms and as interpreted by the parties themselves as shown by the evidence.

The cases cited by appellant upon the question of rescission, the point that the complaint does not state a cause of action, and that the motion for a nonsuit should have been granted, are not in point. They all disappear as to value with the holding against the theory of rescission of the contract by the plaintiff. Had the case been one for the rescision of the contract, appellant's argument and authorities cited would have much weight.

The plaintiff, as found by the court, and we think as supported by the evidence, had performed his part of the contract. He had done all the hauling required to be done by the company. He was entitled under the contract to have the piano delivered when requested. Request was made by Mollerup for delivery, and the company refused. This was a breach of the contract by the company.

Restatement, Contracts, § 312. For this breach plaintiff had a cause of action. Plaintiff had the right to sue for restitution, specific performance, or damages. Restatement, Contracts, § 326.

The company by its answer interposed equitable defenses to the action. No objection was made to the trial court, discharging the jury. No assignment of error is based thereon. Of the property purchased, the truck had been delivered, and more than the agreed price of the truck had been paid. No doubt the truck had depreciated in value during the period of approximately two years of use. The company could not complain upon being allowed the full value of the truck at the time of the sale. The plaintiff having made payment in accordance with the terms of the contract and being entitled to have delivery of the piano, he was entitled to have either the piano or the return of the amount he had paid on the goods purchased in excess of the value of the goods already received. He is entitled to recover back the money so paid upon the ground that the consideration has failed to that extent.

There is a sharp conflict in some details of the evidence relating to the question as to which style of piano was sold to the plaintiff. An examination of the original contract as written up by the company's representative, signed and delivered to the plaintiff, the evidence surrounding the transaction and circumstances, we think, support without question the finding of the trial court to the effect that the company promised and agreed to deliver to the plaintiff one Kimball Welte piano, style 36.

This being an equity case, this court may examine the evidence, but the judgment of the trial court in cases where the findings are based on conflicting evidence must stand, unless the Supreme Court is "of the opinion that they are against the clear preponderance of the evidence." This is supported by the following cases heretofore

decided by this court: *Omega Inv. Co.* v. *Woolley et al.*, 72 Utah 474, 271 P. 797; *Hoggan* v. *Price River Irr. Co.*, 61 Utah 547, 216 P. 237; *Roberts* v. *Bertram et al.*, 49 Utah 280, 163 P. 787; *McCarrick* v. *Lenox Mining Co.*, 49 Utah 353, 164 P. 478; *Doe* v. *Doe*, 48 Utah 200, 158 P. 781; *Mayer* v. *Flynn*, 46 Utah 598, 150 P. 962; *Holman* v. *Christensen*, 73 Utah 389, 274 P. 457.

Appellant contends the trial court committed error in permitting the introduction of evidence. These rulings complained of all relate to matters discussed at the time or before the making of the contract, the hauling to be performed by the plaintiff, and the identity of the piano. All of these matters had become issues under the form the action had taken because of the answer and cross-complaint of the defendant and answer and reply of the plaintiff. The evidence was properly admitted under the issues.

Appellant complains of the admission of immaterial evidence in the following instance: The witness Merrill was permitted to state the difference in the retail price of a Kimball grand, style 36, and a Kimball grand, style 32, piano. It is true, the value of the piano was not an issue as such, and on that ground alone the evidence could very well have been excluded. It must be remembered that there was an issue before the court as to which one of the pianos referred to was the one in contemplation of the parties at the time the contract was made. The difference in value may very well have been considered by the court upon that issue. We are of the opinion there is no reversible error in the record, and that the judgment of the trial court should be affirmed. Respondent to recover costs. Such is the order.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.