## PROWITT v. LUNT et al.

No. 6573. Decided May 10, 1943. (137 P. 2d 361.)

*Shay & Shay,* of Cedar City, for appellant.

*Morris & Matheson,* of Cedar City, for respondent.

McDONOUGH, Justice.

This is a suit in equity for the rescission of a contract for the purchase of an automobile. The trial court entered a judgment of "no cause of action," and the plaintiff appeals.

The facts out of which this dispute arose are as follows: On March 19, 1941, Clifford P. Prowitt, the appellant, came to the respondents' garage for the purpose of purchasing a new automobile. The respondents exhibited to the appellant a 1941 Chrysler sedan, which, at the time it was shown to the appellant, had been used as a show car and demonstrator and had been driven approximately 2,651 miles. It also had been driven in a parade with the words, "Lunt Motor Company" painted on its sides with Bon Ami soap, which was washed off after the parade. This lettering later became faintly visible on the car and could not be removed by use of polish. After appellant had taken two demonstration rides in the said Chrysler, he entered into a contract to purchase it at a price which was stipualted to be the standard new car price for a car of this type. The following day, March 20th, the appellant endeavored to rescind the contract of sale and gave as his reason therefor that he had paid more for the car than he felt he could afford and that he wished to purchase a less expensive car. The respondents refused to consent to a rescission of the contract. About ten days later the appellant again notified the respondents that he wished to rescind because certain alleged misrepresentations had been made by respondents concerning the car. Upon respondents' refusal to cancel the contract this suit ensued.

The alleged representations which appellant claims were made were set forth in the complaint as follows:

"That the said defendants at the time and place aforesaid in order to induce the plaintiff to purchase the said Chrysler 1941 Sedan automobile aforesaid and with intent to deceive and defraud the said plaintiff, did falsely and fraudulently represent to this plaintiff that the said Chrysler automobile Sedan so exhibited to him was a new car and that the same had not been driven except from the Branch Warehouse of the Chrysler Corporation at Salt Lake City, Utah, and that the same had never at any time been used as a salesman's demonstrator automobile but that the same had been on the showroom floor since its arrival at Cedar City, Utah."

It was then alleged that the representations thus made were false, that the Chrysler automobile had been driven as a demonstrator some 2651 miles, and that the lettering, "Lunt Motor Company," had been painted on the sides of the car with some material which had damaged the paint so that the lettering was still visible in the bright sunlight.

The trial court, sitting with an advisory jury, found against the appellant on all allegations of fraud and misrepresentation. In attacking these findings and the judgment entered thereon, five assignments of error are made. The fundamental proposition urged thereby is that the evidence is insufficient to support the findings made and the judgment entered.

As this is a suit in equity for the rescission of a contract, it is our duty to make an independent examination of the record and to review and weigh the evidence presented by the record. *Skola* v. *Merrill*, 91 Utah 253, 64 P. 2d 185; *Bear River State Bank* v. *Merrill*, 101 Utah 176, 120 P. 2d 325, 327. In the latter case we stated, in upholding the findings of the trial court in an equity case:

"This court recognizes the fact that the trial court saw the witnesses, observed their demeanor, and was in a better position to judge their credibility than is an appellate court with only the transcript as a basis for its conclusions. It is the duty of this court to review and weigh the evidence in an action for legal and equitable relief and the findings of the trial court are not disturbed unless wrong. *Rich* v. *Stephens*, 79 Utah 411, 11 P. 2d 295; *Smith* v. *Edwards*, 81 Utah 244, 17 P. 2d 264. And where it is claimed that the facts found by the trial court are not supported by the evidence the appellants are entitled to a full review of the evidence and a determination by the Supreme Court. *Zuniga* v. *Evans*, 87 Utah 198, 48 P. 2d 513, 101 A. L. R. 532; *Williams* v. *Peterson*, 86 Utah 526, 46 P. 2d 674. However, findings based upon conflicting testimony, such as is presented in the present case, will not be disturbed unless it appears that the trial court has misapplied proven facts or that the findings are clearly against the weight of the evidence."

See also *Stanley* v. *Stanley*, 97 Utah 520, 94 P. 2d 465; *Tanner* v. *Provo Reservoir Company*, 99 Utah 139, 98 P. 2d 695; *Merrill* v. *Bailey & Sons Co.*, 99 Utah 323, 106 P. 2d 255.

Guided by the rule thus enunciated, we consider the evidence adduced in this case. The evidence relating to appellant's knowledge of the mileage which the automobile had been used as a demonstrator is in direct conflict. Lanell Lunt testified that the appellant stated that he did not "question what you have told me regarding this car having been used some, it seems to be apparently all right, but just how far has it been driven," According to Lunt the appellant was then informed that the automobile had been driven the exact number of miles recorded on the speedometer at that time. The uncontradicted evidence shows that the speedometer at that time registered over 2,600 miles. Lunt also testified that the appellant had asked for a reduction in price because of the fact that the car had been used and requested that the speedometer be set back to zero. Day, a salesman for Lunt Motor Company, testified that he informed the appellant that the car "has been used as a show car and a demonstrator, and as a personal car to some extent by Mr. Lunt, his personal car." Day also corroborated the testimony of Lunt in regard to the conversation with the appellant concerning the mileage which the car had been driven and the appellant's request that the speedometer be set back to zero.

Respondents' exhibit "B" discloses that appellant wrote a letter to Lunt Motor Company dated April 5, 1941, in which appellant stated that he had learned that at the time of the sale the car had been driven over 2,900 miles and the speedometer turned back to zero. During the trial appellant testified that he was not aware of these facts until he was informed of them by Chrysler Corporation. Chrysler Corporation furnished this information in answer to a wire sent by appellant. A copy thereof, which was admitted in evidence, discloses that it was sent by appellant on April 7, 1941. Hence, according to appellant's testimony, he did not get notice of the fact that the car had been driven 2,651 miles as a demonstrator and that the speedometer had been set back to zero until after April 7th when he sent the wire

to Chrysler Corporation, yet the evidence shows that he knew these facts on April 5th, when he wrote the letter to Lunt Motor Company.

All of this evidence, except the fact that he wrote the letter on April 5th and sent the wire on April 7th, was denied by the appellant. However, this conflict in the evidence was resolved in the court below in respondents' favor; and, applying the rule cited supra relative to review of the evidence in equity cases, we conclude that we should not disturb the finding that the appellant knew at the time he entered into the contract to purchase the car that it had been driven 2,651 miles as a demonsrator and that the speedometer had been set back.

Practically the same situation exists in regards to the lettering which has been painted on the sides of the car. Lunt testified that he informed the appellant that the car had been so painted and the appellant denied that he had been so informed. Lunt's testimony was corroborated by respondents' witness, Day. However, a letter written by Day in response to a telephone conversation between Day and the appellant in which appellant demanded the rescission of the contract might throw some doubt on Day's testimony. In the letter Day explained the history of the lettering and stated that after it had been removed from the car, the car had been placed on the show room floor. He also wrote that:

"Nothing more was thought of it until you called me today. In fact the occasion had completely slipped my mind to the extent that I did not know what you were referring to when you called me today."

This letter might well be held to indicate that Day did not at the time he wrote the letter recall that anything had ever been said to the appellant about this lettering prior to the telephone conversation. Should this letter be held to negative the testimony of Day relative to this matter, there is still the positive testimony of Lunt to the effect that he (Lunt) informed the appellant of the lettering and that the

appellant's wife had remarked at the time "My goodness, you wouldn't put signs on a new car like this." The inferences which can be drawn from Day's letter are not sufficiently strong to overthrow the findings of the trial court in this regard.

Appellant stresses the fact that the car was referred to in the conditional sales contract, in the insurance policy, and in the notice of purchase of the contract by a finance company as a new car, and contends that this is convincing evidence that the seller represented to the buyer that it had not been used. However, evidence was introduced at the trial by defendant to the effect that in a sales contract of a car such as the one here, where the car had not been previously registered under a state registration law, it is customary and necessary to indicate that it is "new" rather than "used." The reason for so designating it is that the Motor Vehicle Department requires the surrender of the original certificate of title when application for registration is made by a transferee of a "used" car; and in order to have issued to the purchaser an original certificate of title it is necessary to indicate that it is "new"; that is, that it has not theretofore been registered in this state or elsewhere. The other documents referred to would doubtless follow the sales contract in designating whether the car was "new" or "used." The explanation offered for the use of the term in question is not an unreasonable one. We are not, therefore disposed because of the use of such term in the several documents to alter the conclusion stated hereinabove relative to knowledge on the part of appellant that the car had been used to the limited extent shown by the evidence.

The findings of the trial court are not against the clear weight of the evidence. We shall therefore not disturb them. Judgment affirmed. Costs to respondents.

WOLFE, C. J., and LARSON, MOFFAT, and WADE, JJ., concur.