Richard RICHARDS et al., Plaintiffs and Appellants,

v.

PINES RANCH, INC., a Utah Corporation, Defendant and Respondent.

No. 14460.

Supreme Court of Utah.

Jan. 6, 1977.

Richard Richards, Ogden, for plaintiffs and appellants.

Robert C. Cummings and Gordon A. Madsen, of Madsen & Cummings, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

The plaintiffs herein appeal from an Order dismissing their complaint, whereby they sought to establish a right-of-way by prescription over defendant's land.

The evidence established that the plaintiffs and their predecessors in interest had crossed the land now owned by the defendant for approximately forty years. The land lies in a canyon and until recently was in a rather wild state. The use made by the plaintiffs and their predecessors was for the grazing of sheep, cutting timber, taking Christmas trees, camping, holding picnics, horseback riding, etc. Access to their land was had over a rough road across defendant's land.

■ A right-of-way by prescription is established by open, notorious, adverse use thereof for a period of twenty years.[1] Once the adverse use is established for the twenty-year period, the burden of showing that it was not adverse is upon the owner of the servient estate.[2]

In the instant matter, the defendants were unable to show that the use over the years prior to recent times was by permission of the then owners. However, the trial court made the following findings of fact:

1. That the purported right-of-way claimed by the plaintiffs herein, while not described by formal metes and bounds in the pleadings, was demonstrated to the Court's satisfaction in terms of location.

2. That this is an action to establish an easement by prescriptive use on the issue of open, notorious, continuous and adverse use therefor for a period of more than twenty years. The Court finds that undisputed testimony demonstrated certain persons, including the plaintiffs' predecessors, had sporadically used a strip of land across the defendant's property for the purpose of logging, removing trees for Christmas trees, and perhaps for recreational purposes, but the evidence was insufficient to show that that use was so regular, open, notorious and continuous and adverse as to constitute the creation of an easement by prescription.

3. The Court further finds from the evidence that in recent years the use made of the alleged right-of-way has been more or less permissive, and the defendant has made every attempt it could to keep people from trespassing across its land, and more particularly across the purported way in question.

■ We think His Honor erred in thinking that permissive use or efforts to prevent trespassing in recent years would have any bearing on this case. If a twenty-year adverse use was established, then that could only be defeated by a prohibition of use for a like period.

■ It would seem that His Honor also erred in thinking that the adverse use had to be regular. All that is required is that the use be as often as is required by the owner of the dominant estate. While the use made could limit the future use, it does not entirely prevent a prescriptive use to cross the defendant's land.

The law is set out correctly in 1 Thompson on Real Property, Specific Easement, Section 464, p. 575 (1924) as follows:

A way may be established by prescription without direct evidence of its actual use during each year. A use may be continuous though not constant. A right of way means a right to pass over another's land, more or less frequently, according to the nature of the use to be made by the easement; and how frequently is immaterial, provided it occurred as often as the claimant had occasion or chose to pass. It must appear not to have been interrupted by the owner of the land across which the right is exercised, nor voluntarily abandoned by the claimant. Mere intermission is not interruption.

■ Owners use canyon land for a variety of purposes and particularly for the uses found by the court to have been made by the plaintiffs and their predecessors. If the plaintiffs crossed the land now owned by the defendant by a way which can be located on the ground, and they did so whenever they desired and as a right, it would seem that their right to continue to use the road should be recognized.

■ This is a case in equity and we are not bound to recognize the findings of the trial court where they appear to be contrary to the evidence.[3] Even the findings made by the trial court would require a conclusion of law that plaintiffs in this matter should prevail.

1. *Zollinger v. Frank*, 110 Utah 514, 175 P.2d 714 (1947).

2. *Richins v. Struhs*, 17 Utah 2d 356, 412 P.2d 314 (1966).

3. *North Point Consolidated Irrigation Company v. Utah & Salt Lake Canal Company*, 16 Utah 246, 52 P. 168 (1898).

The judgment rendered should be and is hereby reversed. Costs are awarded to the appellants.

HENRIOD, C. J., and CROCKETT and WILKINS, JJ., concur.

MAUGHAN, Justice (dissenting):

For the following reasons, I dissent.

Although it is both the prerogative and duty of this court in an equity case to review and weigh the evidence and to determine the facts, this court has established as a rule of practical application, the following:

. . . due to the advantaged position of the trial court, in close proximity to the parties and the witnesses, there is indulged a presumption of correctness of his findings and judgment, with the burden upon the appellant to show they were in error; and where the evidence is in conflict, we do not upset his findings merely because we may have reviewed the matter differently, but do so only if evidence clearly preponderates against them.[1]

The trial court specifically found:·

. . . that undisputed testimony demonstrated certain persons, including the plaintiff's predecessors, had *sporadically used* a strip of land across the defendant's property for the purpose of logging, removing trees for Christmas trees, and perhaps for recreational purposes, but the evidence was insufficient to show that that use was so regular, open, notorious and continuous and adverse as to constitute the creation of an easement by prescription.

In other words, the trial court found there had been only sporadic use by plaintiff and his predecessors in interest, which was an insufficient evidentiary basis to establish a prescriptive easement.

In evaluating the instant record, there are certain concepts by which the evidence should be tested.

First, evidence of the use made by anyone other than plaintiff and his predecessors in interest is irrelevant. In *Nielson v. Sandberg*,[2] this court quoted with approval the following statement:

"The party claiming the right must show that he has acquired it by his own use independent of others; he cannot make his right depend in any degree upon the enjoyment of a similar right by others." [Citations.][3]

The alleged use by others, who were not in plaintiff's chain of title, for logging purposes and possibly for recreation, does not provide an evidentiary basis to establish that plaintiff's use was under a claim of right. Plaintiff's evidence concerning an easement extending to his property is limited to the acquisition of Christmas trees on occasion.

Second, the acts of the user must be of such a nature and of such frequency as to give reasonable notice to the landowner that there is an easement claimed against him.[4]

. . . Before a right of way can be acquired by prescription, the use for the prescriptive period must be peaceable, continuous, open, adverse as of right, and with the knowledge and acquiescence of the plaintiff and his grantors and predecessors in interest. Actual notice to the owner of the servient estate is not necessary if the user is so notorious that in the exercise of reasonable diligence the owner should learn thereof; then he will have constructive notice of the user which is sufficient. [Citations.][5]

Concededly, a use may be continuous though not constant, nevertheless, an occasional use of a way for some purposes is not

1. *Del Porto v. Nicolo*, 27 Utah 2d 286, 288, 495 P.2d 811, 812 (1972).

2. 105 Utah 93, 101, 141 P.2d 696 (1943).

3. Also see 2 Thompson On Real Property (1961 Replacement) § 343, p. 229.

4. Id. § 344, p. 238.

5. *Jensen v. Gerrard*, 85 Utah 481, 487, 39 P.2d 1070, 1072 (1935).

a sufficient ground for establishing a way by prescription.[6]

This principle is illustrated in *Stupnicki v. Southern New York Fish and Game Association.*[7]

> . . . The occasional or sporadic use of the abandoned highway over the lands of plaintiffs by defendant's predecessors in title by walking over it to go to church or on some other occasional errand and the use of it by a hunter in the darkness of the nighttime, did not constitute that open and notorious use essential to establish a prescriptive right. There is not a scintilla of evidence that plaintiffs had any actual knowledge of such use whatsoever. . . . To me it is clear that plaintiffs had no actual knowledge of any such use and that there is no justification on the evidence for the presumption of any such knowledge by them.
>
> . . .

The court then cited the principle that to establish a prescriptive easement, it is essential that the use and the claim of right be actually known by the owner of the servient estate or it must be so visible, open, or notorious as that knowledge of such use or claim will be presumed.

In the instant case, the trial judge evaluated the use in terms of its nature and frequency, and determined it was insufficient to establish a prescriptive easement. A review of the record does not reveal the evidence clearly preponderates against such a finding; therefore, the judgment should be sustained.

Since the majority opinion has found a prescriptive easement, there is another aspect which merits consideration. The asserted easement is a rough trail extending to plaintiff's property, which is a parcel of 40 acres. Plaintiff is subdividing his acreage into 5 acre lots and has sold one of the parcels. The present trail, if it be deemed an easement, is burdened only with a use by a single owner for infrequent trips on foot or by horse to the dominant estate. This court has ruled the extent of an easement based on a prescriptive right is determined by its user, and once the character of the easement has been fixed no material change or enlargement of the right acquired can be made, if thereby a greater burden is placed on the servient estate.[8] Furthermore, the partition of the dominant estate cannot create a further or additional easement across the servient estate, and an easement of way does not inure to the benefit of the owner of a parcel which, after the division, does not abut on the way. Where the resulting use will increase the burden upon the servient estate, the right to the easement will be extinguished.[9]

---

6. 2 Thompson On Real Property (1961 Replacement) § 344, p. 245; § 347, p. 274; 25 Am. Jur.2d, Easements and Licenses, § 56, pp. 464–465.

7. 41 Misc.2d 266, 244 N.Y.S.2d 558, 563 (1962).

8. *Big Cottonwood Tanner Ditch Co. v. Moyle,* 109 Utah 197, 200, 159 P.2d 596 (1945); *Nielson v. Sandberg,* 105 Utah 93, 103–104, 141 P.2d 696 (1943).

9. *Wood v. Ashby,* 122 Utah 580, 586, 253 P.2d 351 (1952).