Patricia MELLOR, Plaintiff
and Respondent,

v.

Mark COOK, Bryant Madsen and
Kenneth Strate, Defendants and
Appellants.

No. 15639.

Supreme Court of Utah.

June 22, 1979.

Howard, Lewis & Petersen, Robert C. Fillerup, Provo, for defendants and appellants.

Nielsen, Henriod, Gottfredson & Peck, Arthur H. Nielsen, Earl J. Peck, Thomas R. Blonquist, Salt Lake City, for plaintiff and respondent.

CROCKETT, Chief Justice:

The defendants appeal from a finding that they were in contempt of court and an order imposing a fine of $200 on each, and also ordering them collectively to pay plaintiff's attorney $1,000 for his services in this proceeding. The alleged contempt was for meeting as the board of trustees of the North Sanpete County School District in violation of an order signed by a district judge that they should not do so.

The parties do not dispute as to the facts. On the 22nd day of September 1977, the plaintiff sought the aid of the district court to prevent the defendants from holding a meeting as the board of trustees in which meeting the removal of Royal N. Allred as Superintendent of Schools was to be considered. Because Hon. Don V. Tibbs the Judge of the Sixth Judicial District, was holding court in another county, request was made of the court administrator's office, who directed plaintiff to Hon. Judge David Dee of the Third District in Salt Lake City.

Upon plaintiff's ex parte application, that afternoon about 2:30 Judge Dee signed the restraining order. Thereafter at about 5:00 p. m. the complaint in the proceeding was filed in the office of the clerk of Sanpete County. About one hour later, and after the defendants had arrived to hold their meeting, they were served with the order. Shortly thereafter, their attorney Thomas R. Blonquist arrived and advised them that in his opinion the restraining order was invalid because it had not been issued pursuant to proper proceedings; and that they could go ahead with their board meeting, which advice they followed.

Consequent to the foregoing, a hearing was held before Hon. Don V. Tibbs and it was upon the basis of facts delineated above that the defendants and Mr. Blonquist were found in contempt and the penalty of which defendants complain was imposed.

The statute from which any authority for the order under attack herein must be found is Sec. 78–3–14, U.C.A.1953:

Ex parte applications from another district.—A judge of the district court may, in his own district, hear any ex parte application, and make any order concerning the same, in any action or proceeding pending or about to be commenced in another judicial district, in the following cases:

(1) *Upon the written request* of the judge of the district in which the action or proceeding is at the time pending or is about to be commenced.

(2) When it shall be made *to appear by affidavit* to the satisfaction of such judge *that the judge of the district court* in which the action or proceeding is at the time pending or is about to be commenced *is absent from his district*, or is incapacitated, or is disqualified to act therein; such *application shall be made only to the judge of the adjoining district.* [Emphasis added.]

There are some basic principles which apply to a charge of contempt for disobedience of an order of court committed outside of the court's presence.[1] Inasmuch as contempt of court is punishable by sanctions which are usually regarded as criminal in nature, it is sometimes referred to as quasi-criminal. In any event, due to its serious nature, the provisions of the law relating to contempt should be carefully adhered to; and it must appear clearly that the party knew the duty imposed upon him by the court order, and that he wilfully and

---

1. What is said herein relates to such a charge and is to be considered distinct from charges of contempt for offensive or obstructive misbehavior in the presence of the court.

knowingly failed and refused to comply.[2] The foregoing is stated in awareness that there is another side of this proposition: that there should be no cavalier attitude in disregarding an order of court which is fair on its face; and that one who wilfully and knowingly presumes to do so may act at his peril.

We revert to the facts here in the light of the observations just made and consider the critical questions: was there in fact any lawful restraining order; and did the defendants' conduct constitute contempt of court. We are not here concerned with what the result may have been as to the individual defendants relying on the advice of their attorney if he had been mistaken. But under the circumstances recited herein, we are unable to see any justification for a finding that the individual defendants manifested any attitude of knowing and willful disobedience of the court order.

The conduct of attorney Blonquist presents a somewhat more serious question. Nevertheless, in accordance with the cautionary rules hereinabove recited, he is entitled to such consideration as the law affords. It is fundamental that disobedience of an order of court which was issued without jurisdiction cannot be the basis of a finding and judgment for contempt.[3]

In looking at Sec. 78–3–14 quoted above: no basis can be found under sub-paragraph 1 for the issuance of the restraining order. This, because there was no written request to Judge Dee by the judge of the district. We then look to sub-paragraph 2: and it will be seen that there was likewise an absence of compliance with those provisions of the statute. It is not made to appear that there was any affidavit concerning the whereabouts or the disqualification of Judge Tibbs; nor more importantly, that the application was made "to the judge of the adjoining district."

To be considered in conjunction with the above is the equally fundamental proposition that the jurisdiction of the court must be invoked by the initiation of an action, i.e. by the filing of a complaint, or the service of a summons.[4] We have no doubt that the statute which authorizes the issuance of a restraining order in an action about to be commenced in another judicial district could, under appropriate circumstances, be regarded as being commenced if the essential pleadings were filed with a judge properly authorized to act. However, it is clear that this was not done in this case. There was no such notation on the papers. The plaintiff relied upon the plan that they would later be filed with the clerk of Sanpete County. Since Judge Dee was not the judge of that county, nor of an adjoining district, and the statutory requirements to authorize his action had not been complied with, there was no proper foundation for the issuance of the restraining order; and consequently no foundation for the holding of Mr. Blonquist in contempt of court.

Our conclusion as stated herein renders it unnecessary to consider the matter of the penalties imposed. However, it seems not amiss to observe that the penalty for contempt is set out in Sec. 78–32–10, U.C.A.1953, as a fine of not to exceed $200 or imprisonment of not to exceed 30 days, or both, but we are aware of no provision authorizing an additional penalty of attorney's fees.

2. See *Powers v. Taylor*, 14 Utah 2d 118, 378 P.2d 519; and *Thomas v. Thomas*, Utah, 569 P.2d 1119, and authorities therein cited.

3. See *In Re Berry*, 68 Cal.2d 137, 65 Cal.Rptr. 273, 436 P.2d 273, 280; *Phoenix Newspapers, Inc. v. Superior Court In and For Maricopa County*, 101 Ariz. 257, 418 P.2d 594 (1966); *Whillock v. Whillock*, 550 P.2d 558 (Okl.1976); and cf. also *In Re Rogers' Estate*, 75 Utah 290, 284 P. 992 (1930).

4. Rule 3 (a), U.R.C.P., describes the manner of commencing a civil action.

   (a) *How commenced.* A civil action is commenced (1) by filing a Complaint with the Court, or (2) by the service of a summons.

   In regard to jurisdiction that rule further provides:

   (c) *Time of Jurisdiction.* The court shall have jurisdiction from the time of filing the Complaint or the service of the summons.

Other matters argued have been considered and are deemed not to require discussion.

On the basis of what has been said above, the findings and judgment are vacated. No costs are awarded.

MAUGHAN and HALL, JJ., concur.

STEWART, J., concurs in result.

WILKINS, J., does not participate herein.