**A. Lavar JENSEN, Plaintiff and Respondent,**

v.

**Knowlton H. BROWN and Virginia S. Brown, Defendants and Appellants.**

**No. 17146.**

Supreme Court of Utah.

Dec. 7, 1981.

Charles C. Brown, Salt Lake City, for defendants and appellants.

Jon J. Bunderson, Brigham City, for plaintiff and respondent.

OAKS, Justice:

This is an appeal from a judgment granting plaintiff a prescriptive easement across defendants' property and enjoining defendants from interfering with his use of it. The issues on appeal are (1) whether the evidence clearly preponderates against the trial court's finding of a prescriptive easement; (2) whether the trial court was deprived of jurisdiction by an irregularity in the temporary restraining order; and (3) whether the decree was contrary to equitable principles on the facts of this case.

Plaintiff and defendants are owners of adjoining pieces of property on Block 2 of Plat C in Brigham City, Utah. The First National Bank of Brigham City at one time owned this block, which is presently bounded on the north by Third North Street, on the south by John Adams Park, on the west by Fourth East Street, and on the east by Fifth East Street. On April 26, 1930, the bank conveyed the east one-half to plaintiff's predecessor in title and the west one-half to defendants' predecessor in title. Originally, the only access to what is now plaintiff's property was a roadway beginning at the northwest corner of Block 2, traversing in a southeasterly direction what is now defendants' property, crossing a bridge over an irrigation ditch, and proceeding south to what is now plaintiff's property.

Plaintiff acquired his property in 1948; defendants acquired theirs in 1973. Plaintiff originally reached his property by way of this northwest access, but a year or two after he began using it, the bridge collapsed. Thereafter, plaintiff cut his neighbors' fence directly east of Fourth East, made a gate, cleared some brush, added some fill dirt, and began traveling to his property in a relatively straight line from Fourth East Street eastward across defendants' property on the strip that is now the subject of this action.

Plaintiff commenced this action on July 6, 1979, alleging that defendants were blocking his roadway by digging the foundation of a house directly in its path. On that same day, a judge of the circuit court granted plaintiff a temporary restraining order. Five days later, following a hearing, the district court extended the temporary restraining order, and six days later (upon plaintiff's filing the required bond) entered a preliminary injunction. At the conclusion of trial, the district court decreed an eleven-foot-wide easement by prescription and permanently enjoined defendants from interfering with plaintiff's use of it.

■ This is a suit in equity. *Richards v. Pines Ranch, Inc.*, Utah, 559 P.2d 948 (1977). Since appeal may be had on the facts as well as the law in equity cases, it is our duty, when called upon, to weigh the facts as well as to review the law. Utah Constitution, Art. VIII, § 9; Utah R.Civ.P. 72(a); *Nelson v. Nelson*, 30 Utah 2d 80, 513 P.2d 1011 (1973); *Prowitt v. Lunt*, 103 Utah 574, 137 P.2d 361 (1943).

■ Although this Court's statements of the standard of review of findings of fact in equity cases have varied considerably, *Stanley v. Stanley*, 97 Utah 520, 528, 94 P.2d 465, 468 (1939) (Wolfe, J., concurring), it is most commonly said that we reverse only when the evidence clearly preponderates against the findings of the trial court. *Crimmins v. Simonds*, Utah, 636 P.2d 478 (1981); *Utah County v. Baxter*, Utah, 635

P.2d 61 (1981); *Peterson v. Carter*, Utah, 579 P.2d 329 (1978); *Pagano v. Walker*, Utah, 539 P.2d 452 (1975); *Nokes v. Continental Mining & Milling Co.*, 6 Utah 2d 177, 308 P.2d 954 (1957); *Mollerup v. Daynes-Beebe Music Co.*, 82 Utah 299, 24 P.2d 306 (1933). This principle is well stated in the plurality opinion in *Nokes v. Continental Mining & Milling Co.*, 6 Utah 2d at 178–179, 308 P.2d 954:

> [T]he finding of the trial court will not be disturbed if the evidence preponderates in favor of the finding; nor, if the evidence thereon is evenly balanced or it is doubtful where the preponderance lies; nor, even if its weight is slightly against the finding of the trial court, but it will be overturned and another finding made only if the evidence clearly preponderates against his finding.

In substance, this is the same standard applied in those cases which state that we reverse only when the trial court's finding is against the clear weight of the evidence. *McBride v. McBride*, Utah, 581 P.2d 996 (1978); *Chevron Oil Co. v. Beaver County*, 22 Utah 2d 143, 449 P.2d 989 (1969); *Metropolitan Investment Co. v. Sine*, 14 Utah 2d 36, 376 P.2d 940 (1962); *Peterson v. Peterson*, 112 Utah 554, 190 P.2d 135 (1948).

In applying this standard, we are "mindful of the advantaged position of the trial judge who sees and hears the witnesses" and therefore "give due deference to his decisions," *McBride v. McBride*, 581 P.2d at 997, but we are not required to affirm where the evidence does not provide the requisite support for the findings. *Ingram v. Forrer*, Utah, 563 P.2d 181, 183 (1977).

An easement by prescription arises when the dominant estate owner's use of a passage across the servient estate has been open, notorious, adverse, and continuous for a period of 20 years. *Richards v. Pines Ranch, Inc., supra; Richins v. Struhs*, 17 Utah 2d 356, 412 P.2d 314 (1966); *Zollinger v. Frank*, 110 Utah 514, 175 P.2d 714 (1946). The district court found that "the Plaintiff has had the open, notorious, continuous, and visible use of a right of way over the defendants' land ... for a period of more than twenty years prior to the filing of the complaint in this action," and that the plaintiff's use was adverse and did not arise as "a neighborly accommodation" or "with the permission of the defendants or their predecessors in interest." After a careful review of the record, we are unable to say that the evidence clearly preponderates against these findings.

Defendants assert that plaintiff's use was not sufficiently adverse. We agree that "the use must be *against* the owner as distinguished from *under* the owner," *Zollinger v. Frank*, 110 Utah at 517, 175 P.2d 714, but we cannot conclude that the evidence clearly preponderates against the district court's finding on this issue. The testimony is in disarray: contradictory (sometimes even self-contradictory), ambiguous, and voluminous. Even the cold transcript reveals a strong undercurrent of emotions in the courtroom. These are precisely the circumstances where prudence dictates deferral to the findings of the trier of fact who heard the evidence in person.

In the alternative, defendants urged at trial that plaintiff could not have acquired an easement by prescription because his use of the right-of-way was pursuant to an easement by necessity. It is true that "*[a] right of way of necessity ... cannot ripen into a prescriptive easement while the necessity continues,*" *Savage v. Nielsen*, 114 Utah 22, 32–33, 197 P.2d 117, 122 (1948), quoting 28 *C.J.S.* Easements § 18, and that competent testimony was given at trial supporting defendants' theory that any easement that might have existed prior to 1971 would have been an easement of necessity. However, that testimony was contradicted, and the district court found that "Plaintiff's use of the right of way did not arise by reason of it being a way of necessity." At least two witnesses testified that there were other means of access to plaintiff's property. Again, because our study of the record does not permit us to conclude that the evidence clearly preponderates against the trial court's finding, we do not disturb it.

Defendants also assert that the district court lacked jurisdiction to proceed in this case because the temporary restraining order was initially signed by a circuit court judge who was acting under a two-year-old general emergency authorization rather than a specific assignment for this case. *See Mellor v. Cook*, Utah, 597 P.2d 882 (1979). We find no merit in this contention. Even if the circuit judge was unauthorized, so that the temporary restraining order signed by him was invalid—a question on which we express no opinion—this would not deprive the regularly constituted district court of jurisdiction in the ensuing hearing on the preliminary injunction nor in the trial on the merits.

Finally, defendants urge that "the equities of the case" favor their position. We do not agree with plaintiff's response that "the equities" are "not an appropriate matter for this court to consider on appeal." Nevertheless, without a clear and convincing showing that the plaintiff has "engaged in fraud or deceit in the business under consideration" or does not "come into court with clean hands" or that the relief granted is contrary to "fairness and good conscience," *Jacobson v. Jacobson*, Utah, 557 P.2d 156, 158 (1976), or that other equitable principles such as those set out in 30 *C.J.S.* Equity §§ 89–111, have been offended—all lacking in this case—we will not stray from established principles developed by courts to further substantial justice and to imbue substantive and procedural rules of law with a measure of stability.

The judgment of the trial court is therefore affirmed. No costs awarded.

HALL, C. J., and HOWE, J., concur.

STEWART, Justice, dissenting.

The majority states that it is appropriate to consider the "equities" in a matter such as this, and that relief could be denied if it is contrary to " 'fairness and good conscience.' "

I think relief should be denied in this case because it is contrary to "fairness and good conscience." The plaintiff now has adequate access to his property from an improved city street. He has no pressing need to cross his neighbor's land and to prevent the neighbor from building on his own land. There is therefore no valid reason, in my view, to allow the plaintiff to appropriate a portion of his neighbor's property.

The consequence of this opinion will hardly promote good relations among neighbors. Rather, it is more likely to promote a prickly litigiousness on the part of neighbors by encouraging trespass actions to prevent later prescriptive easements.

I would hold that a private prescriptive easement is subject to an implied condition of extinguishment when the user obtains new and substantially equal access by a public road.

MAUGHAN, J., heard the arguments, but died before the opinion was filed.