**EDWARDS' PET SUPPLY, Plaintiff and Respondent,**

v.

**Dale BENTLEY, an individual, and Anga Baden, Inc., Defendants and Appellants.**

No. 17494.

Supreme Court of Utah.

July 6, 1982.

D. Kendell Perkins, Salt Lake City, for defendants and appellants.

David M. Swobe of Nielsen & Senior, Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

A tenant obtained a declaratory judgment of the validity of its lease and a judgment against its landlord for $4,000 overpayments in rent, $1,600 attorney fees, and costs. The landlord's appeal questions the sufficiency of evidence for the validity of the lease.

Attracted by a window sign, "For Lease, $650 per month," the tenant occupied the space and gave the landlord's agent a check for $1,300 for the first and last months' rent. At the same time, the agent filled in the blanks on multiple copies of a printed lease, discussed its terms with the tenant, and submitted the copies to Dale Bentley, the president of the landlord corporation. Bentley made a small deletion (one of two conditions granting tenants a right to terminate), signed three or four copies of the lease, and sent them to the agent. The agent promptly took these signed copies to the tenant for its signature. Two of these copies, signed only by Bentley, were received into evidence. The lease form prescribes a 69-month lease to the tenant at $650 per month. All of this was undisputed.

At this point, the testimony diverges. James L. Edwards one of the partners in the tenant, a family partnership, testified that Frank Edwards, his partner (and father), in his presence, signed two copies of the lease form that Bentley had previously signed for the landlord corporation. James L. Edwards testified that he then delivered both fully signed copies to the agent. In contrast, the agent, Donald A. Burke, stated that Frank Edwards kept all the copies for further consideration, and that the agent did not see them again. Bentley and two other employees of the landlord testified that they had never seen any copies of the lease that had been signed by the tenant.

The rest is undisputed. For 25 months, the tenant paid and the landlord accepted the rent at $650 per month without further discussion of the lease form or the terms of occupancy. The landlord then notified the tenant that, effective 2 months thereafter, its rent would be increased to $900 per month. Insisting on the validity of the lease, the tenant paid the increased rent under protest and brought this suit for relief.

This is not a case where a tenant seeks to enforce a lease on a written form the landlord claims it has never seen, or where a landlord insists that it never signed the written lease. The landlord's president admittedly signed the lease form, and the landlord admittedly accepted over 2 years' rental payments in the amount prescribed therein. The issue in this case is whether the *tenant* signed the lease. On that question, the conflict between the testimony of the two witnesses who had personal knowledge of the alleged signing by the tenant, the tenant, Edwards, and the landlord's agent, Burke, is a classic example of an issue for resolution by the trier of fact, who heard the witnesses and evaluated their credibility. On this critical issue, the testimony of the landlord's three other witnesses that they had never seen a form signed by the tenant added little.

The trial court found that the lease was "executed by the parties." In an equity case, we reverse such a finding "only when the evidence clearly preponderates against the findings of the trial court." *Jensen v. Brown,* Utah, 639 P.2d 150, 151 (1981). This is not such a case.[1]

The lease granted the right to "reasonable attorneys fees" for its enforcement against a defaulting party. The district court awarded the tenant $1,600 attorney fees for services in the trial court, and the tenant now seeks further attorney fees for defending this appeal. Such an award is appropriate under our recent cases. *Centurian Corp. v. Cripps,* Utah, 624 P.2d 706, 713

(1981); *Management Services Corp. v. Development Associates,* Utah, 617 P.2d 406 (1980). The district court should fix the appropriate amount on remand.

Affirmed and remanded. Costs to respondent.

HALL, C.J., and HOWE, STEWART and DURHAM, JJ., concur.

---

1. This disposition makes it unnecessary for us to rule upon the tenant's alternative argument that the lease could be enforced against the landlord in any case, since the landlord admittedly signed the instrument and accepted rent under it for 24 months.