## (May 24, 1973)

Frank W. Uvanni, Jr., et al., Appellants, v. CMB Builders, Inc., Respondent.— Judgment unanimously affirmed, with costs. Memorandum: Plaintiffs and defendant own adjoining lots in Rome, New York, which are in a subdivision consisting of 298 lots encumbered by a covenant made in 1914 restricting the lots to residential purposes only. Defendant's property is located at the intersection of East Garden Street and Black River Boulevard, the latter being a major arterial highway running along the westerly edge of the subdivision. A large shopping center is located directly across from defendant's lot on Black River Boulevard; a New York State armory is a block north and a city fire station a block south. None of these is in the restricted subdivision. However, there was a medical office building located in the subdivision in the same block as plaintiffs' house when they bought it. Another medical building was erected in their block after they began living in the subdivision and, two or three years before trial, a two-story office building was erected on East Garden Street across the street from the front of their home; and plaintiffs did not object to either of these buildings. All three of these office building lots have frontage on Black River Boulevard. There has been no residential construction along the boulevard for at least the past 15 years and evidence was introduced tending to show that defendant's lot is not suitable for residential purposes. Defendant's use of the property is identical or similar in character to the previous encroachments and all the encroaching properties are located at the very edge of the subdivision tract, abutting Black River Boulevard. There has been such a change in the character of the subdivision in the neighborhood adjoining Black River Boulevard that enforcement of the covenant would be valueless to plaintiffs' property and onerous to that of the defendant. Under these circumstances, equity may refuse to enforce the covenant (*Clintwood Manor* v. *Adams*, 29 A D 2d 278, 279, affd. 24 N Y 2d 759). Although we hold that the restriction is therefore extinguished insofar as defendant's lot is concerned, there is no evidence that the character of the subdivision east of these lots has changed, and this decision is not to be interpreted as authority for further encroachment of the covenant. The burden of showing the covenant to be valueless because of change is upon the party attacking it, and it is not a light one (*Normus Realty Corp.* v. *Disque*, 20 A D 2d 277, affd. 16 N Y 2d 912). (Appeal from judgment of Oneida Trial Term dismissing complaint in action on restrictions in deed.) Present — Goldman, P. J., Del Vecchio, Witmer, Moule and Cardamone, JJ.