UTAH COUNTY, a body corporate and politic, Plaintiff and Respondent,

v.

Judy BAXTER, Squaw Peak, Inc., Tom Stubbs, Frank Horton and Diana Horton, Defendants and Appellants.

No. 17039.

Supreme Court of Utah.

July 27, 1981.

Phil L. Hansen, David O. Drake, Salt Lake City, Thomas W. Seiler, Orem, for defendants and appellants.

Noall T. Wootton, Lynn W. Davis, Provo, for plaintiff and respondent.

HALL, Chief Justice:

Defendant Baxter appeals from a judgment granting plaintiff Utah County an injunction against defendant's commercial use of a single-family residence, in violation of a county zoning ordinance.

The controversy involves the use of property located in Provo Canyon, which land is within a watershed area of Utah County. In 1976, the county enacted an ordinance which declared the area to be a "critical environmental zone" wherein no commercial uses were allowed and residential use was limited to one structure per 50 acres of land. The ordinance did allow, however, for nonconforming uses which existed prior to the enactment of the ordinance. Sometime prior to 1976, defendant acquired the property which is the subject of this lawsuit. Located on the property were two structures: (1) the Riverbend Lounge, constructed in 1935, used for commercial pur-

poses (the sale of beer and food); and (2) a small residence, constructed in 1953, used as a caretaker home for the lounge. It is undisputed that both of these constituted nonconforming uses which were allowed under the ordinance.

In January, 1978, the Riverbend Lounge was destroyed by fire. In such a case, the ordinance permitted the nonconforming use to continue where the building was restored or replaced within a given time period. Apparently, defendant entered into a partnership agreement with the other named defendants and construction was commenced on "Squaw-Peak Steak House."

In the meantime, on November 15, 1978, defendant applied for a building permit to remodel the single-family residence on the premises. A county employee (one Parker) filled out the building permit according to the information supplied by defendant. Whether the county knew that defendant intended to use the remodeled residence for the purpose of selling beer is disputed. It appears from the record, however, that defendant planned on using the residence as a lounge while the steak house was under construction, and that she so represented to Parker. Furthermore, there is evidence that Parker told defendant that she could not use the property as a business. In any event, the building permit explicitly stated that the existing use of the structure was "single family" and that the intended use of the parcel was "single family."[1] Pursuant to such representations, a building permit was issued. Defendant then spent between $12,000 and $15,000 to remodel the residence despite having estimated the cost to be about $3,500 on her building permit application. When the remodeling had been completed, defendant made application for a business license for the "residence," which was denied. Nevertheless, in December, 1978, defendant paid the county $312 for a

renewal of her license to sell beer[2] and thereafter commenced operation of the lounge from the "residence."

Sometime in early 1979, construction of the steak house was completed. Defendant experienced difficulties with her partners and decided to continue operation of her commercial establishment in the "residence."[3]

This action was filed in October, 1979, to enjoin defendant from operating a business from the "residence" inasmuch as there was only *one* commercial use permitted on said property, and that was the steak house. Following trial, the district court granted the injunction and found as follows:

1. That the non-conforming use or right that defendant, Judy Baxter, had prior to the fire was:

    (a) an eating, beer selling commercial establishment on the lot as one enterprise in a single building; and

    (b) a separate single-family dwelling.

2. That the non-conforming use in the commercial establishment cannot be expanded to the single-family dwelling.

3. That defendants are not entitled to estoppel.

4. That the temporary commercial use of the single-family residence during a period of reconstruction does not lawfully enlarge the use of that single-family dwelling.

5. That the defendant, Judy Baxter, had no agreement with plaintiff allowing her to sell beer in a single-family dwelling.

6. That the defendant, Judy Baxter, had no agreement with plaintiff allowing commercial use of the single-family dwelling.

7. That the plaintiff is entitled to a permanent injunction prohibiting further commercial use of the single-family

---

1. With her application, defendant submitted a site plan which she had prepared showing what was to be done with the property. Identified thereon is a kitchen, a living room, bedrooms, closets and other rooms common to a residence.

2. The money was returned to defendant in July, 1979, as a result of the developing zoning dispute.

3. Theretofore, defendant had planned on operating the lounge in the steak house upon its completion.

dwelling until such time as the zone is changed permitting expanded commercial use, or until such time as it is otherwise permitted by law.

On appeal, defendant contends that the trial court erred in finding that the transfer of the business to the home enlarged the nonconforming use. With respect to factual findings in equity cases, the well-established rule has been stated as follows:

> ... due to the prerogatives and advantaged position of the trial judge, we indulge considerable deference to his findings. Where the evidence is in dispute, we assume that he believed that which is favorable to his findings, and we do not disturb them unless it clearly preponderates to the contrary. [Citations omitted.] [4]

In the instant case, there is sufficient evidence in the record for the trial court to find that there were two distinct nonconforming uses of the subject property: one commercial use and one residential use. When the commercial establishment was destroyed, the commercial use *might* arguably have been transferred to the residence.[5] However, because the commercial establishment was replaced, it was the only nonconforming commercial use permitted under the ordinance. To rule otherwise would obviously result in an enlarging of the nonconforming commercial uses of the property. The court's finding with respect to the enlarging of the nonconforming use of the residence is therefore sustainable.

Defendant also contends that inasmuch as there was no specific showing of irreparable harm, the county is not entitled to the relief sought, to wit, injunction.

The applicable statute provides for both criminal and civil remedies (including injunction) where zoning regulations are violated.[6] Generally, injunctive relief is available only when intervention of a court of equity is essential to protect against "irreparable injury";[7] hence, where the remedy at law is adequate, an injunction will not lie.[8] Under our zoning statute,[9] however, injunctive relief is available as an *alternative* to criminal prosecution. This is based on the assumption that zoning offenses are inherently different from other violations of law, and that enforcement officers should be empowered to seek civil redress rather than to proceed in every case by criminal prosecution.[10] The rationale was explained in a very early case[11] as follows:

> An injunction should not be issued to prevent the commission of a crime, if the only reason for preventing it is that it is a crime. But, if the wrong complained of is injurious to property interests or civil rights, or if it is a public nuisance, either in the opinion of the court or in virtue of a statute or an ordinance making it a nuisance, the fact that it is also a violation of a criminal statute or ordinance does not take away the authority of a court of civil jurisdiction to prevent the injury or abate the nuisance.[12]

The Court forecast correctly the law and its rationale.[13] Hence, an action to enjoin a violation of a zoning ordinance may be maintained, although it is also a crime. The action is regarded as necessary to the vindication of property rights and interests, and the criminal remedy is regarded as inadequate to that end.[14]

---

4. *Tanner v. Baadsgaard*, Utah, 612 P.2d 345, 346 (1980) and cases cited therein.

5. See *Gibbons & Reed Co. v. North Salt Lake City*, 19 Utah 2d 329, 431 P.2d 559 (1967).

6. U.C.A., 1953, 17–27–23.

7. See Rule 65A(e), Utah Rules of Civil Procedure.

8. 42 Am.Jur.2d, Injunctions, § 48.

9. *Supra*, note 6.

10. American Law of Zoning (2d edition), Robert M. Anderson, Vol. 4, § 27.01.

11. *City of New Orleans v. Liberty*, 157 La. 26, 101 So. 798 (1924).

12. *Id.*, 101 So. at 799.

13. American Law of Zoning, *supra* note 10, § 27.13.

14. *Id.*, and cases cited therein.

Under the statute, a specific showing of irreparable injury is therefore not required and the pleading thereof in the complaint is mere surplusage. Nevertheless, it fairly may be said that under the foregoing analysis, a showing that the zoning ordinance has been violated is tantamount to a showing of irreparable injury (to the public). Defendant's claim that the county is not entitled to injunctive relief and that her motion to dismiss was erroneously denied are therefore without merit.

Finally, defendant contends that the court's action should have been barred by either equitable estoppel or laches.

The equitable estoppel claim is that the county's actions (and those of its agents) were inconsistent with the zoning claim thereafter asserted. Defendant contends specifically that the county was aware that the residence was being remodeled for commercial purposes and that it knowingly issued the building permit and accepted the fee for renewal of defendant's beer license. The facts set forth *supra* indicate that all the county ever approved was the remodeling of a single-family dwelling. Furthermore, to successfully state a defense of equitable estoppel in a zoning case, exceptional circumstances must be present such as the intentional discriminatory application of the ordinance. As stated in *Salt Lake County v. Kartchner*:[15]

> Estoppel, waiver or laches ordinarily do not constitute a defense to a suit for injunctive relief against alleged violations of the zoning laws, unless the circumstances are exceptional. Zoning ordinances are governmental acts which rest upon the police power, and as to violations thereof any inducements, reliances, negligence of enforcement, or like factors are merely aggravations of the violation rather than excuses or justifications therefor.

Defendant admitted at trial that the commercial use of the residential property was due to partnership problems (with respect to the newly constructed steak house)

and not to having been misled by the county or its employees. The claim of equitable estoppel is therefore without merit.

The foregoing reference to *Kartchner* is equally applicable to the claim of laches. Even more important, however, is the fact that laches is a defense which must be affirmatively pleaded. The defense was never asserted in defendant's answer nor at trial, and hence, we do not address it on appeal.

The judgment of the lower court is affirmed. No costs awarded.

STEWART, HOWE and OAKS, JJ., concur.

MAUGHAN, J., heard the arguments, but died before the opinion was filed.

---

15. Utah, 552 P.2d 136, 138 (1976), quoting McQuillin on Municipal Corporations.