Robert L. CRIMMINS and Rose Crimmins, Plaintiffs and Respondents,

v.

Michael SIMONDS and Barbara Simonds, Defendants and Appellants.

No. 17186.

Supreme Court of Utah.

Sept. 11, 1981.

J. Franklin Allred, Salt Lake City, for defendants and appellants.

Joseph H. Gallegos, Salt Lake City, for plaintiffs and respondents.

OAKS, Justice:

Defendants appeal from a decree permanently enjoining them from operating a beauty salon in their home in violation of a restrictive covenant. Defendants challenge the appropriateness of the injunction on the facts of this case.

In 1962, the then owners of Plat C in the Upland Terrace Subdivision of Tooele City executed a Restrictive Covenants Agreement which was duly recorded with the Tooele County Recorder. The agreement stated in part:

> NO TRADE OR BUSINESS PERMITTED: No trade or business of any kind or nature shall be permitted to be carried on upon any lot in said Plat C of the subdivision, nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood.

The term of that restriction (and others) was 25 years, followed by automatic 10-year renewal unless modified by a majority of the owners.

Plaintiffs and defendants subsequently purchased adjacent lots within Plat C. In the summer of 1979, defendants commenced preparations to establish a beauty salon in their home, including purchase of supplies, remodeling of their basement, securing a business license, and checking of the applicable zoning restriction. On about September 30, 1979, defendants began operation of their beauty salon. Defendants state that they were unaware of the restrictive covenant until after they had made a substantial investment in their salon.[1] On the basis of its finding that Upland Terrace had not changed in character from a residential neighborhood, the trial court enjoined defendants from using their premises as a beauty parlor in violation of the restrictive covenants. We affirm.

■ This is an equity case in which this Court may weigh the facts as well as review the law. Utah Const., Art. VIII, § 9; U.R.C.P., Rule 72(a); *Nelson v. Nelson*, 30 Utah 2d 80, 513 P.2d 1011 (1973). However, we reverse on the facts only when the evidence clearly preponderates against the findings of the trial court. *Utah County v. Baxter*, Utah, 635 P.2d 61, 1981.

■ Defendants' first argument is that the trial court erred in refusing to void the restrictive covenant because a change in circumstances in the surrounding neighborhood had rendered the covenant no longer enforceable. *Uvanni v. CMB Builders, Inc.*, 41 A.D.2d 1019, 343 N.Y.S.2d 954 (1973); *Metropolitan Investment Co. v. Sine*, 14 Utah 2d 36, 376 P.2d 940 (1962). However, in order to render a restrictive covenant unenforceable the change must be so great that it clearly neutralizes the benefits of the restriction to the point of defeating its purpose, or of such a nature that it renders the covenant valueless. *Hull v. Bullard*, Okl., 456 P.2d 516 (1969); *Albino v. Pacific First Federal Savings & Loan Ass'n*, 257 Or. 473, 479 P.2d 760 (1971); *Metropolitan Investment Co. v. Sine, supra.*

---

1. The conflict in testimony about the timing of the plaintiffs' phone call informing defendants of the restrictive covenant is not significant since laches is not at issue, and in any event defendants had constructive notice of the restrictive covenant through its recording. U.C.A., 1953, § 17–21–11.

Defendant presented the testimony of 12 people residing in the Upland Terrace Subdivision who stated that they engaged in or had engaged in various activities in their homes, including real estate sales, tropical fish sales and service, diet services, ceramic classes and sales, child care, piano lessons and beauty salons. There was no reliable evidence on which of these 12 witnesses owned homes in Plat C rather than in other plats in the subdivision, nor was there evidence on whether or not the other plats in the subdivision were subject to the same restrictive covenants as Plat C. In any event, the fact that others are engaging in hobbies and business activities in their homes does not change the predominant character of the neighborhood from residential to commercial. In addition, the existence of several breaches of a restrictive covenant does not justify refusal of enforcement unless the character of the neighborhood has changed. *Morgan v. Matheson*, 362 Mich. 532, 107 N.W.2d 825 (1961); *Barham v. Reames*, Tex.Civ.App., 366 S.W.2d 257 (1963). Here, the trial court found that only 2 or 3 of the 12 witnesses were carrying on businesses in their homes. The others were participating in the normal activities of home and neighborhood life. All parties and witnesses agree that the neighborhood was predominantly residential. We find no change of circumstances in this case sufficient to justify us in concluding that the evidence clearly preponderates against the findings of the trial court.

Defendants' second argument is that the court erred in enforcing the restrictive covenants because defendants should prevail under a "balance of injury" test. Under that test, an equity court may exercise its discretion not to grant injunctive relief when the plaintiff is not irreparably harmed by the violation, the violation was innocent, defendants' cost of removal would be disproportionate and oppressive compared to the benefits plaintiffs would derive from it, and plaintiffs can be compensated by damages. *Papanikolas Bros. Ent. v. Sugarhouse Shopping Ctr. Ass'n*, Utah, 535 P.2d 1256 (1975).

The balance of injury test does not require the withholding of injunctive relief in this case. The damage suffered by defendants under the injunction would be relocation of their business or liquidation of an investment of about $7,000. In contrast, courts have not found injunctions requiring the removal of a river moorage or the disassembly of a building encroachment to be so oppressive that an injunction would be denied. *Taucher v. Andruss*, 240 Or. 304, 401 P.2d 40 (1965); *Peters v. Davis*, 426 Pa. 231, 231 A.2d 748 (1967); *Viking Homes, Inc. v. Larkin*, Tex.Civ.App., 452 S.W.2d 25 (1970). Compare *Lewis v. Pingree*, 47 Utah 35, 151 P. 558 (1915). The fact that the damage suffered by plaintiffs as a consequence of defendants' covenant violation was monetarily minimal does not preclude plaintiff from obtaining an injunction in view of plaintiffs' protectable interest in the residential integrity of their neighborhood and the enforceability of the covenants that help to sustain it. *Liu v. Dunnigan*, 25 Md.App. 178, 333 A.2d 338 (1975); *Pavia v. Medcalfe*, 45 Misc.2d 597, 257 N.Y.S.2d 447 (1965), aff'd 26 A.D.2d 621, 272 N.Y.S.2d 716 (1966).[2]

Defendants further argue that the restrictive covenant is no longer generally useful because a majority of the landowners in the area joined in the execution of an agreement to modify the covenant. Prior to the opening of their beauty salon, defendants circulated an agreement, ultimately signed by 34 or 35 of the 45 owners in the plat (including themselves), which recited the desire of the signers to change the Plat C covenant to allow a business to be conducted within the confines of an existing single-family residence. Though a unanimous modification may effectively alter a restrictive covenants agreement, *Rogers v. Zwolak*, 12 Del.Ch. 200, 110 A. 674 (1920); *Cook v. Murlin*, 202 App.Div. 552, 195

---

2. Even if this Court could say that defendants should have been favored under the balance of injury test, the appropriate remedy would be an award of damages in favor of plaintiffs, not the reversal requested by defendants.

N.Y.S. 793 (1922), aff'd 236 N.Y. 611, 142 N.E. 304 (1923), the modification in this case was not unanimous and thus does not nullify the original covenant prohibiting trade or business in the area. Persons who own property in a neighborhood subject to restrictive covenants are entitled to rely on the covenants according to their terms, even if some of their neighbors no longer desire their enforcement.

Affirmed. Costs to respondent.

HALL, C. J., and STEWART and HOWE, JJ., concur.

MAUGHAN, J., heard the arguments, but died before the opinion was filed.