Richard P. DERRY and Carol M. Derry, Plaintiffs and Respondents,

v.

Lowell G. FARR and C. Janette Farr, Defendants and Appellants.

No. 17583.

Supreme Court of Utah.

March 31, 1982.

Donald C. Hughes, Jr., Ogden, for defendants and appellants.

Robert E. Froerer, Ogden, for plaintiffs and respondents.

HALL, Chief Justice:

Defendants appeal from a judgment in favor of plaintiffs in a quiet title action.

Plaintiffs and defendants reside on adjacent lots, both of which were originally owned by defendants. In 1978, plaintiffs purchased the eastern lot from defendants after several discussions concerning its boundaries and its sources of irrigation water.[1] Plaintiffs and defendants presented conflicting evidence as to the content of these discussions. Defendant Lowell Farr testified to having told plaintiffs that their boundaries would roughly follow the lines marked by chain link fences on the east and west sides of the house. Farr testified that he offered to allow plaintiffs to use water from a well located slightly to the west of the western fence but that he made it clear that the well would belong to defendants. In contrast, plaintiffs testified that Farr informed them that the boundaries on both sides of their property would be 15 to 20 feet west of the existing fence lines. According to plaintiffs, Farr assured them that their property would include the said well in addition to a cistern and a number of trees which lay to the west of the fence. Plaintiffs testified that Farr promised to have the property surveyed in order to determine the exact property line and to assist them in moving the fence westward to that line.

Plaintiffs received from defendants a warranty deed which describes plaintiffs'

1. The written agreement executed by the parties at the time they agreed to sell and purchase does not contain a legal description but refers to the subject property only by street address, which in this case provides no clue as to the actual boundaries of the property intended to be sold and purchased.

property with reference to a physical monument placed at a nearby quarter section corner by the Weber County Surveyor. This deed shows the boundaries to be approximately 20 feet west of the chain link fences, as claimed by plaintiffs. Defendants do not question the validity of the deed; nor do they deny that the deed, interpreted in light of the existing quarter section monument, entitles plaintiffs to the disputed western strip. However, defendants claim that the quarter section corner marker to which the deed refers is not the presently existing marker, but rather an earlier marker which was located 13.10 feet east and 3.7 feet south of the present marker and which was replaced by the present marker in 1971. Use of the earlier monument as a reference point would shift plaintiffs' boundaries roughly 20 feet east to coincide with existing fence lines. Defendants claim that the deed must be interpreted with reference to the earlier monument in order to carry out the intent of the parties at the time of sale.

The trial court found that plaintiffs' deed should be interpreted with reference to the monument then in place and declared plaintiffs to be the owners of the disputed section of property. Defendants appeal, contending that the trial court's decision improperly condoned the repositioning of the monument by the Weber County Surveyor and that it failed to effectuate the intent of the parties with respect to the deed. Because both parties agree that the original intent of the parties should govern this Court's interpretation of the deed,[2] we consider only the latter issue.

As stated above, defendants presented to the trial court contradictory evidence concerning the intended location of plaintiffs' property lines. The testimony of defendant Lowell Farr and of one nonparty witness supports defendants' claim that they represented the prospective boundaries to be approximately along existing fence lines. Plaintiffs' claim to the contrary is likewise supported by testimony of a nonparty witness, as well as by their own testimony. Plaintiffs presented additional testimony to show that an underground sprinkler system which had been installed on the property at the time of sale covered the area claimed by plaintiffs rather than the area between the two fences, a fact conceded by Lowell Farr on cross-examination.

In addition to the above testimony, plaintiffs introduced copies of deeds to various tracts near plaintiffs' property containing property descriptions which harmonize with the boundaries claimed by plaintiffs. Plaintiffs also introduced a copy of the Weber County ownership plat for the district in question, which shows the boundaries to be located as plaintiffs claim. Defendants, on the other hand, introduced a copy of a survey taken prior to the repositioning of the monument which shows a discrepancy between one of the boundary lines shown on the plat and a concrete ditch which physically marks that boundary. However, defendants introduced no evidence indicating that the parties ever discussed the location of this ditch in reaching their agreement as to property lines.

Faced with the above conflicting evidence as to the intent of the parties at the time of conveyance, the trial court had the duty of interpreting and weighing the evidence in order to arrive at its findings. Because of the clear contradictions in testimony among the witnesses in this case, that court's evaluation of the credibility of those witnesses was particularly important to the findings. This Court will not disturb such an evaluation in the absence of evidence which clearly preponderates against it.[3] The record adequately supports the trial court's judgment.

Affirmed. Costs to plaintiffs.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.

**2.** See, e.g., *Losee v. Jones*, 120 Utah 385, 235 P.2d 132 (1951).

**3.** *Crimmins v. Simonds*, Utah, 636 P.2d 478 (1981); *Utah County v. Baxter*, Utah, 635 P.2d 61 (1981).